CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 20 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SHERRY LYNN THORNHILL,
for herself and as Administrator of the
Estate of her son, Shawn Christopher Berry,
deceased, individually and on behalf of
all others similarly situated,

  Plaintiff,

v.

F. GLENN AYLOR, et al.,

  Defendants.

Civil Action No. 3:15-CV-00024

**MEMORANDUM OPINION**

By: Hon. Glen E. Conrad
Chief United States District Judge

  Plaintiff Sherry Lynn Thornhill, on behalf of herself and as administrator of the estate of her son, Shawn Christopher Berry, filed this action pursuant to 42 U.S.C. § 1983 and Va. Code Ann. § 8.01-50, et seq., against the Central Virginia Regional Jail Authority (the "Authority"), Superintendant F. Glenn Aylor, and several officers and nurses at Central Virginia Regional Jail ("CVRJ") after Berry died while in custody. The case is presently before the court on defendants' motion to strike portions of the amended complaint. For the following reasons, the court will deny the motion.

### Background

  On August 7, 2014, Berry was arrested by deputies from the Orange County Sheriff's Department on outstanding warrants. At the time of his arrest, Berry had been addicted to alcohol for over twenty years and heroin for about ten years, and he informed the deputies that he would experience severe withdrawal in jail. Berry's girlfriend also told the deputies that Berry would experience withdrawal symptoms in jail, and that he had to be placed in intensive care the last time he went to jail. While in custody at CVRJ, Berry began to experience withdrawal

symptoms. Medical staff at CVRJ provided Berry with medication and Gatorade, took his vitals, and monitored his condition. Officers at CVRJ also assisted Berry on several occasions, namely when he fell out of his bunk, could not stand in the shower, and soiled his jumpsuit. Over the course of two days, Berry's health deteriorated, and he passed away on August 9, 2014.

In the amended complaint, Thornhill alleges that the Authority, Aylor, and several officers and nurses at CVRJ were deliberately indifferent to Berry's serious medical needs, specifically alcohol and heroin withdrawals, in violation of § 1983 and Virginia's wrongful death statute. In several paragraphs in the amended complaint, Thornhill asserts that defendants "tortured" and "killed" Berry. Am. Compl. ¶¶ 1, 7-16. Similarly, Thornhill also states that "a jail sentence should not be a death sentence," Id. at ¶ 3, and that the CVRJ staff performed none of the medical procedures as required by CVRJ's policies or performed them in a way "designed to inflict maximum pain and suffering to Berry," Id. at ¶ 40. According to the complaint, the counties that control and support CVRJ "must provide adequate resources to allow for proper medical care at CVRJ." Id. at ¶ 2. Finally, the complaint describes the communications between Berry, his girlfriend, and the deputies prior to his transfer to CVRJ. See id. ¶¶ 21-24. Defendants move to strike these portions from the amended complaint. The parties have waived oral argument on the motion. The motion has been fully briefed and is ripe for disposition.

## Discussion

### I. Procedural Bar to Motion to Strike

As an initial matter, the court must first determine whether defendants' motion to strike is procedurally barred. Rule 12(g) of the Federal Rules of Civil Procedure provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R.

2

Civ. P. 12(g)(2). There are exceptions to this rule, however, for defenses based on failure to state a claim for which relief can be granted, failure to join an indispensible party, failure to state a legal defense to a claim, and lack of subject matter jurisdiction. Fed. R. Civ P. 12(h)(2)-(3). Thornhill argues that defendants' motion to strike is barred pursuant to Rule 12(g)(2) because defendants did not raise these objections in their earlier Rule 12(b)(6) motions to dismiss. In response, defendants contend that they preserved their objections in their motions to dismiss and, in the alternative, that Rule 12(g)(2) does not apply to motions to strike pursuant to Rule 12(f) because the court has authority to strike pleadings on its own.

Although there is little caselaw on this issue, the court finds more persuasive the authorities that have applied Rule 12(g)(2) to motions to strike based on the "under this rule" language in Rule 12(g)(2) and the narrow exceptions to the rule. See, e.g., Chappelle v. Suntrust Mort., Inc., No. 14-cv-03745-YGR, 2015 U.S. Dist. LEXIS 163107, at *5-6 (N.D. Cal. Dec. 4, 2015); United States ex rel. Powell v. Am. Intercontinental Univ., Inc., 756 F. Supp. 2d 1374, 1380-81 (N.D. Ga. 2010); Cima v. Wellpoint Healthcare Networks, Inc., No. 05-cv-4127-JPG, 2007 WL 1068252, at *3 (S.D. Ill. Apr. 6, 2007); 2 James Wm. Moore et al., Moore's Federal Practice § 12.21 (3d ed. 2007) ("Rule 12(g)'s consolidation requirement applies not only to Rule 12(b) defenses, but also to a ... motion to strike under Rule 12(f)."). Moreover, the court finds that defendants' objections to the language in the amended complaint were available to them when they filed their motions to dismiss. The court notes that the contentious portions of the amended complaint were also included in Thornhill's initial complaint. Finally, the court is not persuaded by defendants' argument that they preserved their objections by simply stating that the complaint "paints a grossly distorted picture of what happened[.]" CVRJ's Mem. in Supp. of Mot. to Dismiss, Docket No. 45 at 2. At no point in this motion did CVRJ specifically target

3

these portions of the amended complaint. Instead, they simply stated their disagreement with Thornhill's allegations. Therefore, the court holds that defendant's motion to strike is improper under Rule 12(g)(2).[1] Nevertheless, the court may strike portions of a pleading on its own under Rule 12(f). See Fed. R. Civ. P. 12(f) (stating that the court may act "on its own"). As such, the court will consider whether to strike these portions of the amended complaint.

## II. Immaterial, Impertinent, or Scandalous Matters in the Amended Complaint

Rule 12(f) allows the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Information is "immaterial" for the purposes of Rule 12(f) if it has "no essential or important relationship to the claim for relief or the defenses being pleaded[.]" 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1382 (3d ed. 2004); Smalls, 2015 WL 7162970, at *3. An "impertinent" matter does not "pertain, and [is] not necessary, to the issues in question." Smalls, 2015 WL 7162970, at *3 (quoting Wright & Miller, supra). Finally, information is "scandalous" if it "improperly casts a derogatory light on someone, most typically on a party to the action." Wright & Miller, supra. It is not enough that the allegation "offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." Id.

The court should use Rule 12(f) sparingly, as motions to strike are generally viewed with disfavor. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001). As such, a motion to strike should only be granted when the allegations have "no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Bailey v. Fairfax Cty., No. 1:10–cv–1031,

---

[1] Defendants also argue that they were acting in good faith by not stating their objections earlier, as they were waiting for the decision in Smalls v. Chief of Police, No. 4:15-CV-00017, 2015 WL 7162970 (W.D. Va. Nov. 13, 2015). The court finds such argument unpersuasive as defendants cite no authority that recognizes a good faith exception to Rule 12(g)(2).

2010 WL 5300874, *4 (E.D. Va. Dec. 21, 2010) (quoting Wright & Miller, supra); see also Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962) ("[A motion to strike] is a drastic remedy to be resorted to only when required for the purposes of justice [and] should be granted only when the pleading to be stricken has no possible relation to the controversy."). Furthermore, "[a] disputed question of fact cannot be decided on motion to strike." Id. In such circumstances, the court should "defer action on the motion and leave the sufficiency of the allegations for determination on the merits." Id. Thus, the movant under Rule 12(f) faces a "sizeable burden." Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993). The disfavored character of Rule 12(f), however, is somewhat relaxed in the context of scandalous matter, and materials of this type often will be stricken from the pleadings in order to "purge the court's files and protect the person who is the subject of the allegations." Wright & Miller, supra.

In this case, defendants first argue that the statements that they deliberately "tortured" and "killed" Berry are impertinent and scandalous. First, as to whether the allegations are impertinent, the court finds that such language does pertain to the issues in question, namely whether defendants were deliberately indifferent to Berry's serious medical need. In Estelle v. Gamble, the United States Supreme Court stated that, when inmates' medical needs are not met, such failure can produce "physical torture or a lingering death." 429 U.S. 97, 103 (1976) (internal quotation marks omitted). Thornhill argues that defendants tortured Berry by denying him medical care as he suffered from alcohol and heroin withdrawal. She contends that defendants provided medical care to Berry in a way that would inflict maximum pain and suffering on Berry. Although a showing of torture is not necessary for a claim of deliberate indifference, the court is not persuaded that such language has no possible relation to whether defendants were deliberately indifferent to Berry's serious medical need. Deliberate indifference

5

requires a subjective showing that a defendant knew of a serious risk of harm to an inmate, and that his or her actions were inappropriate in light of that risk. Certainly, if a defendant were to engage in active torture of an inmate by denying him medical care, that situation would satisfy this standard as a worst case scenario. Although the court is not persuaded that such a scenario is present in this case, the court declines to decide such questions on a motion to strike at this stage of the litigation. Moreover, Thornhill's complaint alleges that defendants' inaction and failures caused Berry's death. Thus, the court finds that the word "killed" pertains to the wrongful death claim in the complaint, which requires a showing of "the death of a person ... caused by the wrongful act, neglect, or default of any person[.]" Va. Code Ann. § 8.01-50. As such, the court finds that such language is pertinent to the issues raised in this litigation.

Next, as to whether the allegations are scandalous, the court finds that such language does not cast an improper light on the defendants. This case is in the early stages, and the parties have not engaged in full discovery as to what defendants knew at the time Berry was going through alcohol and heroin withdrawal. While these specific allegations in the complaint may be inflammatory and offensive to the defendants, the court is unable to find that the allegations have no possible relation or logical connection to the action, or cause significant prejudice to defendants.[2]

---

[2] The court distinguishes this case from those cited in defendants' brief. First, in Smalls v. Chief of Police, this court struck the term "murder" from the complaint because plaintiff's claims did not require proof of premeditation or intent to cause death. 2015 WL 7162970, at *3. In this case, deliberate indifference to a serious medical need may cause an inmate to be tortured and killed. Because deliberate indifference requires a showing of what a defendant subjectively knew, whether the defendant tortured an ailing inmate is pertinent to such determination. Also, such language is pertinent to Thornhill's claim of wrongful death, which requires a death caused by the wrongful act, neglect, or default of another. Second, in Estate of Goldberg ex rel. Goldberg v. Nimoityn, the district court struck language from the complaint, including "murder," "intentional killing," and "torture," because such allegations had no factual basis and were not pertinent to whether the defendant was negligent. No. 14-980, 2014 WL 6908013, at *11-12 (E.D. Pa. Dec. 8, 2014). In this case, Thornhill's complaint does not contain a negligence claim. Instead, Thornhill's claim of deliberate indifference requires a showing beyond mere negligence, and her claim of wrongful death may be satisfied by showing a wrongful act, such as the killing of another.

6

Finally, defendants argue that the complaint contains several irrelevant and sensational facts. First, defendants argue that the court should strike paragraph 2 of the complaint because the CVRJ counties are not named as defendants, and because the paragraph casts a derogatory light on the counties. The court concludes that defendants have not adequately shown that such language has no possible relation or logical connection to the allegations in the instant action or causes significant prejudice to one or more of the parties to the action. In fact, such language refers to entities that are not parties to the litigation, as defendants concede in their motion. Moreover, the complaint alleges that the Authority denied basic medical care to inmates in order to cut costs. Therefore, whether the CVRJ was adequately funded and/or had sufficient resources has a logical connection to such claims. Second, defendants argue that the court should strike as irrelevant matters that relate to Berry's communications prior to his incarceration at CVRJ. The court disagrees. Because deliberate indifference requires a showing of what defendants subjectively knew, the statements made by Berry and his girlfriend to the deputies at the time of their arrests and the statements made by the deputies to CVRJ at the time of Berry's transfer to CVRJ are relevant to this question.

Overall, the court finds that defendants have not met their heavy burden of showing that these allegations are immaterial, impertinent, or scandalous. Therefore, the court finds no persuasive basis upon which to strike such language from the amended complaint at this stage in the litigation.[3] Accordingly, the motion to strike will be denied.

---

[3] The court notes, however, that the parties are free to make similar arguments pursuant to the Federal Rules of Evidence in their pre-trial motions. It is not appropriate for the court to decide these issues on a motion to strike. See Stipe v. Tregre, No. 15-2515, 2015 WL 5012375, at *6 (E.D. La. Aug. 19, 2015) ("[T]o the extent that Plaintiff's claims are false, or 'gossip' as asserted by Defendants, they will have to be resolved at a stage in the proceeding when the assessment of disputed questions of fact is appropriate—not in a motion to strike.").

7

## Conclusion

For the foregoing reasons, the court will deny defendants' motion to strike. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 20th day of January, 2016.

_/s/ Gen Conrad_
Chief United States District Judge