CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 2 5 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SHERRY LYNN THORNHILL,
for herself and as Administrator of the
Estate of her son, Shawn Christopher Berry,
deceased,

Plaintiff,

v.

F. GLENN AYLOR, et al.,

Defendants.

Civil Action No. 3:15-CV-00024

**MEMORANDUM OPINION**

By: Hon. Glen E. Conrad
Chief United States District Judge

Plaintiff Sherry Lynn Thornhill ("Thornhill"), on behalf of herself and as administrator of the estate of her son, Shawn Christopher Berry, filed this action pursuant to 42 U.S.C. § 1983 and Virginia Code § 8.01-50, et seq., against the Central Virginia Regional Jail Authority (the "Authority"), Superintendant F. Glenn Aylor, and several employees at the Central Virginia Regional Jail ("CVRJ"), arising out of Berry's death while in custody. The case is presently before the court on defendants' motion to certify to the Supreme Court of Virginia the question of whether regional jail authorities and their employees are entitled to sovereign immunity under Virginia law. For the reasons stated, the motion will be denied.

**Factual and Procedural Background**

The court has previously summarized the facts of the instant matter, as alleged in plaintiff's amended complaint, in its previous memorandum opinion. See Thornhill v. Aylor, No. 3:15-CV-00024, 2016 U.S. Dist. LEXIS 20153, at *2-10 (W.D. Va. Feb. 19, 2016). On August 27, 2015, Thornhill filed an amended class action complaint against eleven defendants. Defendants then filed separate motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure, which the court granted in part and denied in part. Only Counts II, asserting a claim for damages under 42 U.S.C. § 1983, and Count III, alleging wrongful death in violation of Virginia Code § 8.01-50, remain against the Authority, Aylor, and three of the employees. On April 4, 2017, the remaining defendants filed a motion to certify a question of state law to the Supreme Court of Virginia. The court held a hearing on the motion, and the matter is ripe for review.

## Discussion

"A federal court's certification of a question of state law to that state's highest court is appropriate when the federal tribunal is required to address a novel issue of local law which is determinative in the case before it." Grattan v. Bd. of Sch. Comm'rs of Balt. City, 805 F.2d 1160, 1164 (4th Cir. 1986). "[T]he decision whether to certify is, as it must be, within the discretion of the certifying court." West Am. Ins. Co. v. Bank of Isle of Wight, 673 F. Supp. 760, 763 (E.D. Va. 1987). When addressing state-law claims and there is no case law from the state which is directly on point, "the district court attempts to do the same as the state court would do if confronted with the same fact pattern." Roe v. Doe, 28 F.3d 404, 407 (4th Cir. 1994) (citing Wilson v. Ford Motor Co., 656 F.2d 960, 961 (4th Cir. 1981)). "Only if the available state law is clearly insufficient should the court certify the issue to the state court." Id. (citing Smith v. FCX, Inc., 744 F.2d 1378, 1379 (4th Cir. 1984)). Rule 5:40 of the Rules of the Supreme Court of Virginia provides that the Supreme Court of Virginia "may in its discretion answer questions of law certified to it by . . . a United States district court. Such answer may be furnished . . . if a question of Virginia law is determinative in any proceeding pending before the certifying court and it appears there is no controlling precedent on point in the decisions of the [Supreme Court of Virginia] or the Court of Appeals of Virginia."

Defendants seek to certify to the Supreme Court of Virginia the question of whether the Authority and its employees are entitled to sovereign immunity under the laws of the Commonwealth of Virginia. After reviewing the available case law and the issues involved in the instant case, the court concludes that the question sought to be certified is not case-dispositive and that the available authority is sufficient to decide the question. Accordingly, the court will deny the motion to certify.

In the instant case, plaintiff alleges both state and federal claims. As to the federal claim, it is well-settled that local governing bodies may be sued directly under § 1983 for monetary, declaratory, or injunctive relief when an unconstitutional act "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690 (1978). The court has already determined that plaintiff has stated a Monell claim against the Authority, and whether the Authority and its employees have state sovereign immunity will not impact this claim. See id. ("Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies.") (emphasis in original). Furthermore, it is black-letter Virginia law that state officials are not entitled to sovereign immunity when they commit an intentional tort or acts constituting gross negligence. See, e.g., Coppage v. Mann, 906 F. Supp. 1025, 1047 (E.D. Va. 1995); Tomlin v. McKenzie, 468 S.E.2d 882, 884 (Va. 1996). By plausibly alleging deliberate indifference as part of her Monell claim, Thornhill has asserted more than mere negligence by the Authority. Therefore, at this juncture, whether the Authority is entitled to sovereign immunity under the laws of the Commonwealth of Virginia is not case-dispositive. This alone should counsel against certification.

However, the court also believes that the available authority on the issue demonstrates that certification is unnecessary and inappropriate. It is true that there is a split between the district courts in this Circuit as to whether regional jail authorities are entitled to state sovereign immunity. Compare Hauth v. Southeastern Tidewater Opportunity Project, Inc., 420 F. Supp. 171 (E.D. Va. 1976) (holding that regional jail authorities are not entitled to sovereign immunity); Heckenlaible v. Va. Reg'l Peninsula Jail Auth., 2006 U.S. Dist. LEXIS 79719 (E.D. Va. Nov. 1, 2006) (same); Boren v. Northwestern Reg'l Jail Auth., 2013 U.S. Dist. LEXIS 140169 (W.D. Va. Sept. Sept. 30, 2013) (same); Heywood v. Va. Peninsula Reg'l Jail Auth., 2015 U.S. Dist. LEXIS 112517 (E.D. Va. July 21, 2015) (same), report and recommendation adopted, 2015 U.S. Dist. LEXIS 111249 (E.D. Va. Aug. 21, 2015), with Dowdy v. Pamunkey Reg'l Jail Auth., 2014 U.S. Dist. LEXIS 67127 (E.D. Va. May 15, 2014) (finding that the regional jail authority was shielded by sovereign immunity). Additionally, neither the Fourth Circuit, the Supreme Court of Virginia, nor any Court of Appeals of Virginia have had the opportunity to answer this question. Nevertheless, three federal district courts and one Virginia Circuit Court have determined that regional jail authorities are not entitled to sovereign immunity under the laws of Virginia. See Finamore v. Trent, No. CL15-000881, at *2 (Va. Cir. Ct. Oct. 27, 2016) (summarizing the case history).

To be entitled to sovereign immunity, the Authority must either be an "arm of the State" or be considered a municipal corporation performing a governmental function. Boren, 2013 U.S. Dist. LEXIS 140169, at *10; see also VEPCO v. Hampton Redev. & Housing Auth., 225 S.E.2d 364, 364-65 (Va. 1976) (analyzing whether the Hampton Redevelopment Housing Authority was an arm of the state, and afforded sovereign immunity, or a municipal corporation and afforded sovereign immunity for its governmental functions). "As a threshold matter, 'it is clear that

4

Virginia regional jails are not an arm or agency of the state.'" Finamore, No. CL15-000881, at 3 (citing Boren, 2013 U.S. Dist. LEXIS 140169). A regional jail authority requires local activation to come into existence, and such activation "negates [the Authority's] status as a state agency or an 'arm' of the Commonwealth." Cty. of York v. Peninsula Airport Comm'n, 369 S.E.2d 665, 666 n.1 (Va. 1988) (citing Prendergast v. Park Auth., 313 S.E.2d 399, 401 (Va. 1984)). Thus, to be shielded by sovereign immunity, the Authority must be considered a municipal corporation performing a governmental function.

The Supreme Court has enumerated six factors that are "deemed essential" to the determination of whether an entity should be considered a municipal corporation:

> (1) Creation as a body corporate and politic and as a political subdivision of the Commonwealth;
> (2) Creation to serve a public purpose;
> (3) Power to have a common seal, to sue and be sued, to enter into contracts to acquire, hold and dispose of its revenue, personal and real property;
> (4) Possession of the power of eminent domain;
> (5) Power to borrow money and issue bonds which are tax exempt, with interest on such bonds enjoying the same status under tax laws as the interest on bonds of other political subdivisions of the state;
> (6) Management of the corporation vested in a board of directors or a commission.

Richmond v. Richmond Metro. Auth., 172 S.E.2d 831, 832 (Va. 1970). Here, there is no debate that the Authority lacks two of the six attributes: (1) creation as a body corporate and politic and as a political subdivision of the Commonwealth, and (2) the power of eminent domain.

The court recognizes that there seems to be some confusion as to whether all six attributes are necessary to be considered a municipal corporation. When the Virginia Supreme Court has visited the issue, it has determined that the entity in question possessed all six attributes, and was, therefore, a municipal corporation. See Hampton Roads Sanitation Dist. Comm'n v. Smith, 68 S.E.2d 497, 500 (Va. 1952) (listing the "attributes of a municipal

5

corporation" and finding the entity had them all); Richmond Metro. Auth., 172 S.E.2d at 647 (same); VEPCO, 225 S.E.2d at 364 ("A municipal housing authority possesses all those attributes."); Cty. of York, 369 S.E.2d at 667 (noting that the entity possessed "all the essential attributes of a municipal corporation"). However, both the Supreme Court of Virginia and federal district courts have indicated that all six attributes may not be required. See Hampton Roads, 68 S.E.2d at 501 ("[I]t is true that the more attributes of a municipal corporation an agency has the more likely it is to be treated as a municipal corporation."); Heywood, 2015 U.S. Dist. LEXIS 112517, at *11-12 ("[I]t is not a condition precedent that all six be present to conclude that an entity is a municipal corporation."). Whether it is necessary that the entity possess all six attributes is of little import in the instant case, however, as the Authority lacks the two attributes "most intrinsic to municipal corporations." Id. at *12. "By contrast, most of the attributes which [the Authority] does enjoy are found in private corporations as well." Id.

The Supreme Court of Virginia has said that eminent domain "is a highly prerogative right, and there is no doubt about the power of the state to exercise it, or to delegate it to subordinate agencies to be exercised . . . ." Light v. Danville, 190 S.E. 276, 287 (Va. 1937). "The statutes confirming the power are to be strictly construed." Id. In Hampton Roads, the Supreme Court of Virginia relied on authority from different jurisdictions in articulating the attributes of a municipal corporation. 68 S.E.2d at 501. Many of these jurisdictions noted the importance of eminent domain. See Wells v. Housing Auth. of Wilmington, 197 S.E. 693, 697 (N.C. 1938) ("A housing authority . . . is for a public governmental purpose, and is given powers greatly in excess of those which might be given any private enterprise, including many powers not dissimilar to those exercised by cities and towns in regard to zoning, streets and sidewalks, and eminent domain . . . ."); Neuenschwander v. Washington Suburban Sanitary Comm'n, 48 A.2d

593, 597 (Md. 1945) ("[The Sanitary Commission] can purchase land and exercise the power of eminent domain."). It seems that the power of eminent domain is a hallmark feature of a municipal corporation.

Furthermore, "the General Assembly clearly knows how to denominate an authority as a 'political subdivision' when it wishes to do so." Short Pump Town Ctr. Cmty. Dev. Auth. v. Hahn, 554 S.E.2d 441, 446 (Va. 2001). Indeed, documents from the Virginia legislature demonstrate that the General Assembly of Virginia has addressed the issue of the sovereign immunity of regional jail authorities and has declined to grant such protection. In 2014 and again in 2015, a bill was introduced in the Virginia General Assembly with the purpose of granting sovereign immunity to regional jail authorities. See H.B. 150, Gen. Assemb., Reg. Sess. (Va. 2014); H.B. 1513, Gen. Assemb., Reg. Sess. (Va. 2015). In both years, the bills were not enacted.

The introduction of a bill that would shield regional jail authorities with sovereign immunity is a clear indication that the Virginia General Assembly is aware that regional jail authorities do not possess sufficient attributes of a municipal corporation to be vested with sovereign immunity under Virginia law, or are otherwise not an arm of the state. That the legislature has decided not to extend such protection, or to amend the statute granting the essential attributes of a municipal corporation to regional jail authorities, further demonstrates that these entities do not have such immunity. Short Pump, 554 S.E.2d at 447 ("[I]n the absence of any statutory designation of community development authorities as 'political subdivisions,' [the Supreme Court of Virginia] conclude[s] that the [entity] is not such."). There is simply no need to involve the Supreme Court of Virginia when the legislature has demonstrated its knowledge of the issue and passed on it. See Virginia Transit Co. v. Tidd, 73 S.E.2d 405, 409

(Va. 1952) ("It is not the function of the court to legislate or to use the office of construction to amend plain statutes.").

Finally, defendants argue that because Virginia sheriffs are entitled to state sovereign immunity when performing discretionary acts, and because the sheriffs sit on a board that oversees the regional jail authorities, the sheriff's immunity flows through to the regional jail authority superintendents and employees. The court construes this assertion to be an argument that the Authority is an agent of the sheriff. To the extent that this assertion may be a novel argument, the court does not believe that the mere existence of a new legal theory warrants certification. "[C]ertification is never compelled, and this court remains under a duty to decide questions of state law, even if difficult and uncertain . . . ." Legard v. EQT Prod. Co., 771 F. Supp. 2d 607, 609 (W.D. Va. 2011) (Jones, J.). Moreover, certification is unnecessary when existing case law permits the court to reach a "reasoned and principled conclusion." See Lynn v. Monarch Recovery Mgmt., Inc., 953 F. Supp. 2d 612, 622 (D. Md. 2013) (citing Simpson v. Duke Energy Corp., No. 98-1906, 1999 U.S. App. LEXIS 21553 (4th Cir. Sept. 8, 1999)).

Here, there is ample case law addressing when an employee of a state agency is entitled to sovereign immunity. See, e.g., James v. Jane, 282 S.E.2d 864 (Va. 1980) (articulating four factors to be considered in determining whether the agent or officer of the Commonwealth is engaged in a discretionary act shielded by sovereign immunity). Similarly, the Supreme Court of Virginia has also addressed the predicate question: whether an entity or individual is an agent of the Commonwealth, entitled to sovereign immunity for discretionary acts, or an independent contractor and not granted such immunity. See Atkinson v. Sachno, 541 S.E.2d 902, 905 (Va. 2001). Whatever the merits of defendants' assertion, there is sufficient authority for the court to make a "reasoned and principled conclusion" as to the matter. Lynn, 953 F. Supp. 2d at 622.

Furthermore, this argument presents a factual, not legal, inquiry. Sovereign immunity for governmental employees is an affirmative defense requiring that the defendant prove certain issues of fact. See Whitley v. Commonwealth, 538 S.E.2d 296, 302 (Va. 2000) ("[S]overeign immunity is a defensive plea presenting distinct issues of fact which, if proved, create a bar to a plaintiff's right of recovery."). Whether one is an employee or more akin to an independent contractor is also an intensely factual question. See Atkinson, 541 S.E.2d at 905 (noting that the status as an employee or instrumentality of the state is usually a question of fact). Rule 5:40 of the Rules of the Supreme Court of Virginia provides that the Court may answer "questions of law." Accordingly, certification is not appropriate in this matter and the court will deny defendants' motion.

## Conclusion

For the foregoing reasons, the court will deny the motion to certify. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 25th day of May, 2017.

_____
Chief United States District Judge