CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SHERRY LYNN THORNHILL, )
for herself and as Administrator of the )
Estate of her son, Shawn Christopher Berry, )
deceased, individually and on behalf of )
all others similarly situated, )
                                           )
       Plaintiff, )
                                           )
v. )
                                           )
F. GLENN AYLOR, et al., )
                                           )
      Defendants. )

Civil Action No. 3:15CV00024

**MEMORANDUM OPINION**

By: Hon. Glen E. Conrad
United States District Judge

Plaintiff Sherry Lynn Thornhill, on behalf of herself and as administrator of the estate of her son, Shawn Christopher Berry, filed this action pursuant to 42 U.S.C. § 1983 and Virginia Code § 8.01-50, et seq., against the Central Virginia Regional Jail Authority (the "Authority"), Superintendant F. Glenn Aylor, and several employees at the Central Virginia Regional Jail ("CVRJ"), arising out of Berry's death while in custody. The case is presently before the court on defendants' motion for reconsideration of their motion to certify to the Supreme Court of Virginia the question of whether regional jail authorities and their employees are entitled to sovereign immunity under Virginia law. For the reasons stated below, the motion will be denied.

**Factual and Procedural Background**

The court previously summarized the facts in this case. See Thornhill v. Aylor, No. 3:15-CV-00024, 2016 U.S. Dist. LEXIS 20153, at *2-10 (W.D. Va. Feb. 19, 2016). As relevant here, on August 27, 2015, Thornhill filed an amended class action complaint against eleven defendants. Defendants then filed separate motions to dismiss, which the court granted in part and denied in part. Only Count II, asserting a claim for damages under 42 U.S.C. § 1983, and

Count III, alleging wrongful death in violation of Virginia Code § 8.01-50, remain pending against the Authority, Aylor, and three of the employees.

On April 4, 2017, the remaining defendants filed a motion to certify the following question of state law to the Supreme Court of Virginia: Are the Authority and its employees entitled to sovereign or governmental immunity under the laws of the Commonwealth of Virginia? On May 25, 2017, the court denied the motion.

On September 30, 2017, a decision was issued in Haleem v. Quinones, No. 5:17-cv-00003, 2017 U.S. Dist. LEXIS 16138 (W.D. Va. Sept. 30, 2017), granting sovereign immunity to a Virginia regional jail authority and granting the defendant's motion to dismiss for lack of jurisdiction. In light of the decision in Haleem, the defendants filed the instant motion for reconsideration of the court's May 25, 2017 opinion and order denying their certification motion. On October 17, 2017, the parties appeared before the court for a hearing on the motion, and the matter is now ripe for review.

## Discussion

Rule 5:40 of the Rules of the Supreme Court of Virginia provides that the Supreme Court of Virginia "may in its discretion answer questions of law certified to it by . . . a United States district court. Such answer may be furnished . . . if a question of Virginia law is determinative in any proceeding pending before the certifying court and it appears there is no controlling precedent on point in the decisions of the [Supreme Court of Virginia] or the Court of Appeals of Virginia." In denying the defendants' motion to certify, the court found that the question the defendants sought to certify was not determinative and that the existing precedent was sufficient to decide the question.

Under the first rationale, the court observed that it had already ruled that the plaintiff

stated a plausible claim under Monell v. Department of Social Services. of New York, 436 U.S. 658, 690 (1978). Whether the Authority and its employees have state sovereign immunity will not impact the Monell claim, which permits suits against local government units like the Authority and requires a showing of deliberate indifference, meaning more than mere negligence. Virginia law does not grant sovereign immunity to state officials accused of an intentional tort or acts constituting gross negligence. See, e.g., Coppage v. Mann, 906 F. Supp. 1025, 1047 (E.D. Va. 1995); Tomlin v. McKenzie, 468 S.E.2d 882, 884 (Va. 1996). Accordingly, the court found that, by plausibly stating a Monell claim, the state sovereign immunity issue was not case-dispositive.

Under the second rationale, the court recognized that despite a contrary decision in Dowdy v. Pamunkey Reg'l Jail Auth., 2104 U.S. Dist. LEXIS 67127 (E.D. Va. May 15, 2014), three federal district courts and one Virginia Circuit Court have ruled that regional jail authorities are not entitled to sovereign immunity under the laws of Virginia. Finamore v. Trent, No. CL15-000881, at *2 (Va. Cir. Ct. Oct. 27, 2016) (summarizing case history). The court concurred in the ruling of the majority of courts to have addressed the issue, finding that the Authority did not satisfy the requirement for sovereign immunity under Virginia law that it be either an "arm of the State" or a municipal corporation performing a government function. The court found the Authority to be neither. In particular, the court ruled that the Authority was not a municipal corporation because it was not created as a body corporate or political subdivision of the Commonwealth and it lacked the power of eminent domain.

Importantly, the court recognized that, in 2014 and again in 2015, a bill was introduced in the Virginia General Assembly with the purpose of granting sovereign immunity to regional jail authorities. See H.B. 150, Gen. Assemb., Reg. Sess. (Va. 2014); H.B. 1513, Gen. Assemb., Reg.

Sess. (Va. 2015). In both years, the Virginia General Assembly did not pass the bills. The introduction of those bills clearly indicates that the Virginia General Assembly is aware that regional jail authorities do not possess sufficient attributes of a municipal corporation to be vested with sovereign immunity under Virginia law, or are otherwise not an arm of the state. The legislature's decision not to extend such protection, or to amend the statute granting the essential attributes of a municipal corporation to regional jail authorities, confirms that these entities do not have such immunity. Short Pump Town Ctr. Cmty. Dev. Auth. v. Hahn, 554 S.E.2d 441, 447 (Va. 2001) ("[I]n the absence of any statutory designation of community development authorities as 'political subdivisions,' [the Supreme Court of Virginia] conclude[s] that the [entity] is not such.").

Finally, the court rejected the defendants' argument that the state sovereign immunity granted to Virginia sheriffs when performing discretionary acts flows from the sheriffs to regional jail authorities and their employees because the sheriffs sit on a board that oversees those authorities. Although a possibly novel argument, the court recognized that the mere existence of a novel theory does not compel certification. Indeed, certification is unnecessary when existing case law permits the court to reach a "reasoned and principled conclusion." See Lynn v. Monarch Recovery Mgmt., Inc., 953 F. Supp. 2d 612, 622 (D. Md. 2013) (citing Simpson v. Duke Energy Corp., No. 98-1906, 1999 U.S. App. LEXIS 21553 (4th Cir. Sept. 8, 1999)). The court recognized that here, the existing case law addresses when an employee of a state agency is entitled to sovereign immunity, see, e.g., James v. Jane, 282 S.E.2d 864 (Va. 1980), and whether an entity or individual is an agent of the Commonwealth entitled to sovereign immunity for discretionary acts, see Atkinson v. Sachno, 541 S.E.2d 902, 905 (Va. 2001). The court further noted that this argument presents a factual inquiry, and not a "question of Virginia

law" for which Rule 5:40 of the Rules of the Supreme Court of Virginia provides a basis for certification. See Whitley v. Commonwealth, 538 S.E.2d 296, 302 (Va. 2000) ("[S]overeign immunity is a defensive plea presenting distinct issues of fact which, if proved, create a bar to a plaintiff's right of recovery."); Atkinson, 541 S.E.2d at 905 (noting that the status as an employee or instrumentality of the state is usually a question of fact).

The court continues to find its prior analysis persuasive. The decision in Haleem does not change the court's finding that the question sought to be certified is not case-dispositive. While Haleem does alter the balance of decisions addressing the question, the weight of the authority remains consistent with this court's ruling.

## Conclusion

For the foregoing reasons, the court will deny the motion for reconsideration. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 19th day of October, 2017.

_____
United States District Judge