CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2017

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SHERRY LYNN THORNHILL, )
for herself and as Administrator of the )
Estate of her son, Shawn Christopher Berry, )
deceased, individually and on behalf of ) Civil Action No. 3:15CV00024
all others similarly situated, )
)
   Plaintiff, ) **MEMORANDUM OPINION**
)
v. ) By: Hon. Glen E. Conrad
) United States District Judge
F. GLENN AYLOR, et al., )
)
   Defendants. )

This action arises from an inmate's death while experiencing drug and alcohol withdrawal during his confinement at a Virginia regional jail in August 2014. The action is brought pursuant to 42 U.S.C. § 1983 for deliberate indifference to a serious medical need and Virginia Code § 8.01-50 et seq. for wrongful death. The case is presently before the court on the defendants' motions in limine to exclude the testimony of plaintiff's experts, Licensed Practical Nurse Kimberly Harvey and Dr. Russell Surasky. For the reasons set forth below, the motion in limine as to Harvey will be granted and the motion in limine as to Dr. Surasky will be denied.

In their motions, defendants argue that the proposed experts' testimony should be excluded under the substantive requirements of Virginia Code § 8.01-581.20 and under Rules 702 and 403 of the Federal Rules of Evidence. Defendants contend that neither Harvey nor Dr. Surasky maintained an active clinical practice within one year of the date of the incident giving rise to this lawsuit, and therefore, that they cannot testify on the standard of care for the Virginia wrongful death claim. As to all other issues at trial, the defendants argue that both proposed experts lack the necessary qualifications and would render opinions that would mislead or

confuse the jury because they have never practiced clinical medicine in Virginia, provided regular care in a jail or correctional setting, or regularly treated patients undergoing drug or alcohol withdrawal. On October 17, 2017, the court held a hearing on the motions in limine. The motions have been fully briefed and are now ripe for review.

## Legal Standards

Virginia Code § 8.01-581.20 sets forth the substantive requirements for a witness to qualify as an expert on the standard of care in a Virginia medical malpractice claim filed in federal court. Estate of Harvey ex rel. Dent v. Roanoke City Sheriff's Office, 585 F. Supp. 2d 844, 862 (W.D. Va. 2008). There are two requirements: (1) the "knowledge requirement" and (2) the "active clinical practice requirement." Wright v. Kaye, 593 S.E.2d 307, 311 (Va. 2004). The latter one requires a witness to have maintained an "active clinical practice in either the defendant's specialty or a related field of medicine within one year of the date of the alleged act or omission forming the basis of the action." Va. Code Ann. § 8.01-581.20.

Although Virginia Code § 8.01-581.20 controls the substantive requirements for an expert qualification in a Virginia medical malpractice or wrongful death claim, Rule 702 otherwise controls the admissibility of expert testimony in this case because it arises under federal law. See Creekmore v. Maryview Hosp., 662 F.3d 686, 690 (4th Cir. 2011). "Under Rule 702, a purported expert must first hurdle the obstacle of being qualified to testify as an expert." Va. Vermiculite Ltd. v. W.R. Grace & Co.-Conn., 98 F. Supp. 2d 729, 732 (W.D. Va. 2000). An individual qualifies as an expert if the individual possesses the requisite "knowledge, skill, experience, training, or education . . . ." Fed. R. Evid. 702. The individual need not "possess all five requisites – as long as he possesses one, he may be deemed an expert." Va. Vermiculite Ltd., 98 F. Supp. 2d at 732.

2

For the expert's testimony to be admissible, it must offer "scientific, technical, or other specialized knowledge" that will "help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702(a). However, to the extent the testimony "has a greater potential to mislead than to enlighten [it] should be excluded." Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999). Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## Discussion

### I. Licensed Practical Nurse Harvey

Kimberly Harvey has been a licensed practical nurse since 1991. She treated patients experiencing withdrawal from drugs and alcohol while working for the Logan Regional Medical Center in West Virginia from 2003 to 2005. From 2005 to 2006, she worked at the University of North Carolina hospital. During that year, she also treated inmates at the Federal Medical Center in Butner, North Carolina on approximately 52 days. She testified that none of those inmates experienced drug or alcohol withdrawal. Harvey is currently licensed in Virginia and works for the Virginia Premier Health Plan in Roanoke, Virginia, where she reviews medical records to determine whether treatments are authorized for payment by Medicare or Medicaid. Since she started in this role in 2008, approximately 1-2% of the records she has reviewed have involved heroin withdrawal and another 1-2% have involved alcohol withdrawal. The plaintiff contends that Harvey is qualified to testify on, among other issues, the following matters: the training that nurses receive, nursing in a correctional setting, whether the defendants acted with deliberate indifference or recklessness to the inmate's serious medical needs under § 1983, and the standard

3

of care applicable to nurses.

The defendants argue that Harvey is not qualified to render such opinions or to otherwise testify in this case because she failed to maintain an active clinical practice as required under Virginia law and she lacks experience or expertise in treating patients undergoing drug or alcohol withdrawal. The court agrees.

From Harvey's deposition testimony, it is undisputed that she has not engaged in clinical practice since 2008. Harvey testified that, since 2008, her job has involved reviewing medical charts and indicated that she has not had "significant direct patient care and patient interaction," which satisfy the active clinical practice requirement. See N.O. v. Alembik, 160 F. Supp. 3d 902, 906 (E.D. Va. 2016), aff'd sub nom. N.O. by Orwig v. Alembik, 694 F. App'x 895 (4th Cir. 2017). She therefore did not have an active clinical practice within one year of the inmate's withdrawal and death in 2014. Accordingly, Harvey is not qualified to testify as an expert on the standard of care in the plaintiff's wrongful death claim. See Va. Code Ann. § 8.01-581.20.

As to the other issues at trial, the court finds that although Harvey has significant experience as a licensed practical nurse, she has limited and distant experience with treating patients undergoing drug or alcohol withdrawal. She testified that for two years she worked at a hospital, in which she believes approximately 15-20% of about 45 patients were undergoing drug or alcohol withdrawal on an average day and that she would treat some of those patients. This experience from over 10 years ago does not suffice to establish the "knowledge, skill, experience, training, or education" required in this case. See Fed. R. Evid. 702. Testimony regarding nursing in general would not provide the type of specialized knowledge that would help a trier of fact understand the defendants' response to the inmate's medical risk in this case, which involved drug and alcohol withdrawal. See Fed. R. Evid. 702(a). The court therefore

finds Harvey unqualified to testify under Rule 702.

**II.    Dr. Surasky**

Dr. Russell Surasky is a doctor licensed in New York and certified in neurology and addiction medicine. The plaintiff intends to elicit testimony from Dr. Surasky on the applicable standard of care and the cause of Berry's death.

Defendants argue that Dr. Surasky cannot qualify to testify at trial because he has never practiced in Virginia or qualified as an expert in Virginia, has never treated patients in a correctional setting, and testified that he has not had any experience with inpatient treatment since June 2013. They therefore argue that he lacks expert knowledge on the standard of care in Virginia or a correctional setting and cannot satisfy the active clinical practice requirement under Virginia Code § 8.01-581.20.

However, the court believes that Dr. Surasky qualifies under Virginia and federal law to testify as an expert. First, under Virginia law, Dr. Surasky appears to satisfy the requirements for licensure in Virginia, and therefore, he is "presumed to know the statewide standard of care in the specialty or field of practice in which he is qualified and certified." Va. Code Ann. § 8.01-581.20. The court finds this case analogous to Gaynor v. Ob/Gyn Specialists, Ltd., 51 F. Supp. 2d 718, 724 (W.D. Va. 199), in which the court found a doctor licensed in Maryland qualified to testify as an expert on the applicable standard of care for a Virginia medical malpractice claim because the doctor met the requirements for licensure in Virginia, demonstrated expert knowledge in the relevant field, and actively practiced in that field within one year of the incident giving rise to the lawsuit. Here, Dr. Surasky appears to satisfy the requirements for licensure in Virginia, has demonstrated expert knowledge on drug and alcohol withdrawal through his experience treating acute cases of such withdrawal, and actively treated patients

undergoing withdrawal within one year of the incident giving rise to this lawsuit.

Defendants attempt to distinguish Gaynor from this case by arguing that Dr. Surasky lacks sufficient familiarity with the defendants' medical practice, which involves a correctional setting, and that, unlike the expert in Gaynor, Dr. Surasky has not previously qualified to testify as an expert in Virginia. The court does not find the correctional setting significant. See Dotson v. Joseph, No. 3:04CV10099, 2005 WL 3434983, at *10 (W.D. Va. Dec. 8, 2005), report and recommendation adopted in part and modified in part on other grounds, No. CIV.A. 3:04-CV-10099, 2006 WL 213712 (W.D. Va. Jan. 26, 2006) ("[I]t is immaterial that neither doctor had experience practicing in a correctional facility."); see also McDowell v. Brown, 392 F.3d 1283, 1296 (11th Cir. 2004) ("The standard of care applicable to nurses is universal, and does not diminish when the setting is a jail rather than hospital."). The defendants have not shown that a correctional setting demands a materially different course of treatment for drug and alcohol withdrawal. The court also does not find Dr. Surasky's lack of prior expert testimony in Virginia to be conclusive. As described below, Dr. Surasky possesses the necessary experience in treating patients undergoing acute alcohol withdrawal.

The defendants argue that Dr. Surasky lacks the necessary experience and that he does not satisfy the active clinical practice requirement under Virginia law. Although Dr. Surasky has not provided inpatient treatment since June 2013, he has had "significant direct patient care and patient interaction," since that time. See N.O., 160 F. Supp. 3d at 906. He testified that "essentially every day" he admits and treats patients in "acute opiate or alcohol withdrawal." Dep. of Dr. Russell Surasky 25-26, Docket No. 161-1. Within one year of the inmate's death in August 2014, Dr. Surasky maintained an active clinical practice by working as a neurologist specializing in addiction medicine at New York Neurology & Medical Services, P.C. since July

2013 and as a neurologist at Levittown Health Center from March 2014 to January 2015. Accordingly, the court finds Dr. Surasky qualified to testify with respect to plaintiff's wrongful death claim.

Second, because of Dr. Surasky's relevant experience, the court finds that Dr. Surasky is qualified as an expert under Rule 702 and does not believe that his opinions would confuse or mislead the jury under Rule 403.

## **Conclusion**

For the foregoing reasons, the court will grant the defendants' motion in limine as to Kimberly Harvey and deny the defendants' motion in limine as to Dr. Russell Surasky.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 18th day of October, 2017.

                                                              United States District Judge